EXHIBIT A

UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRICO VACCARO, F. GREGORY DENEEN, and WILLIAM SLATER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW SOURCE ENERGY PARTNERS L.P., KRISTIAN B. KOS, TERRY L. TOOLE, DIKRAN TOURIAN, RICHARD D. FINLEY, V. BRUCE THOMPSON, JOHN A. RABER, STIFEL, NICOLAUS & COMPANY, INC., ROBERT W. BAIRD & CO. INC., JANNEY MONTGOMERY SCOTT LLC, OPPENHEIMER & CO. INC., and WUNDERLICH SECURITIES, INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-08954(KMW)<br><br>Hon. Kimba M. Wood<br><br>[PROPOSED] *kmw* ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/17

WHEREAS (i) Lead Plaintiffs Enrico Vaccaro., F. Gregory Deneen, and William Slater ("Lead Plaintiffs"), on behalf of themselves and the putative Class, (ii) Defendants Kristian B. Kos, Terry L. Toole, Dikran Tourian, Richard D. Finley, V. Bruce Thompson and John A. Raber (the "Individual Defendants"), and (iii) Defendants Stifel, Nicolaus & Company, Inc., Robert W. Baird & Co. Inc., Janney Montgomery Scott LLC, Oppenheimer & Co. Inc., and Wunderlich Securities, Inc. (the "Underwriter Defendants") (together with Individual Defendants, the "Settling Defendants") have entered, by and through their respective counsel, into a settlement of the claims asserted in the Action, the terms of which are set forth in a Stipulation of Settlement, dated June 19, 2017 (the "Stipulation"), which is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the

1

Case 1:15-cv-08954-KMW Document 57 Filed 07/27/17 Page 2 of 11
Case 1:15-cv-08954-KMW Document 52-1 Filed 06/19/17 Page 3 of 12

EXHIBIT A

terms and conditions for the proposed settlement of the claims alleged in the operative Second Amended Complaint (the "SAC") filed in the Action; and the Court, having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 27 day of July, 2017, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. Pursuant to this Court's Order, this Action is preliminarily certified as a class action for settlement purposes only on behalf of all Persons (including, without limitation, their beneficiaries) who purchased Series A Preferred Units of New Source pursuant and/or traceable to its May 5, 2015 Offering prior to the commencement of this Action on October 21, 2015.

3. A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on November 20, 2017 at 11:00 a.m. for the following purposes:

(a) to make a final determination as to whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to make a final determination as to whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

2

Case 1:15-cv-08954-KMW   Document 57   Filed 07/27/17   Page 3 of 11
Case 1:15-cv-08954-KMW   Document 52-1   Filed 06/19/17   Page 4 of 12

EXHIBIT A

(c)    to make a final determination as to whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Parties as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(d)    to make a final determination as to whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)    to consider the application of Co-Lead Counsel for an award of attorneys' fees and expenses and a case contribution award to Lead Plaintiffs;

(f)    to consider any Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf); and

(g)    to rule upon such other matters as the Court may deem appropriate.

4.    The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or a case contribution award to Lead Plaintiffs.

5.    The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the

Case 1:15-cv-08954-KMW Document 57 Filed 07/27/17 Page 4 of 11
Case 1:15-cv-08954-KMW Document 52-1 Filed 06/19/17 Page 5 of 12

EXHIBIT A

Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

6. The Court approves the form, substance and requirements of: (a) the Notice; (b) the Summary Notice; and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

7. Co-Lead Counsel has the authority to enter into the Stipulation on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8. Strategic Claims Services is approved as the Claims Administrator for the Settlement.

9. Co-Lead Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator.

10. Co-Lead Counsel are authorized to disburse up to $175,000 (One Hundred and Seventy-Five Thousand Dollars) for Administrative Costs (as defined in the Stipulation), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be disbursed for Administrative Costs, if any.

11. No later than ten (10) calendar days after the date of this Order, Individual Defendants shall provide and/or cause New Source Energy Partners L.P.'s transfer agent to provide to Co-Lead Counsel a list of the record owners of New Source Series A Preferred Units during the Settlement Class Period in usable electronic format, such as an Excel spreadsheet.

Case 1:15-cv-08954-KMW   Document 57   Filed 07/27/17   Page 5 of 11
Case 1:15-cv-08954-KMW   Document 52-1   Filed 06/19/17   Page 6 of 12

EXHIBIT A

This information will be kept confidential and not used for any purpose other than to provide the notice contemplated in the Order.

12. Co-Lead Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased New Source Series A Preferred Units during the Settlement Class Period. Such nominee purchasers will be directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners; the Claims Administrator shall then send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

13. Co-Lead Counsel shall, at or before the Settlement Hearing, serve upon Settling Defendants' counsel and file with the Court proof of mailing of the Notice and Proof of Claim, both to Class Members and to nominees.

14. Co-Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in *Investor's Business Daily* within thirty-five (35) calendar days after the entry of this Order. Co-Lead Counsel shall, at or before the Settlement Hearing, serve upon Settling Defendants' counsel and file with the Court proof of publication of the Summary Notice.

15. The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules

Case 1:15-cv-08954-KMW Document 57 Filed 07/27/17 Page 6 of 11
Case 1:15-cv-08954-KMW Document 52-1 Filed 06/19/17 Page 7 of 12

EXHIBIT A

of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

16. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than seventy-five (75) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized

Case 1:15-cv-08954-KMW   Document 57   Filed 07/27/17   Page 7 of 11
Case 1:15-cv-08954-KMW   Document 52-1   Filed 06/19/17   Page 8 of 12

EXHIBIT A

statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was designated as such. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency, if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

17.     All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

18.     Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such

Case 1:15-cv-08954-KMW   Document 57   Filed 07/27/17   Page 8 of 11
Case 1:15-cv-08954-KMW   Document 52-1   Filed 06/19/17   Page 9 of 12

EXHIBIT A

request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, to the address(es) listed in the Notice. Such request for exclusion shall clearly indicate the name, address, phone number, and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of New Source Series A Preferred Units prior to October 21, 2015, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Co-Lead Counsel may contact any person or entity filing a request for exclusion, or his or her attorney if one is designated, to discuss the exclusion.

19. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

20. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses and any case contribution award to Lead Plaintiffs, only if such comments or objections and any supporting papers are served to be received at least twenty (20) calendar days prior to the Settlement Hearing, upon each of the following:

**CO-LEAD COUNSEL**:

Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel.: 212-686-1060
Fax: 212-202-3827

Case 1:15-cv-08954-KMW Document 57 Filed 07/27/17 Page 9 of 11
Case 1:15-cv-08954-KMW Document 52-1 Filed 06/19/17 Page 10 of 12

EXHIBIT A

Peter C. Harrar
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: 212-545-4600
Fax: 212-686-0114

**COUNSEL FOR DEFENDANT THE INDIVIDUAL DEFENDANTS:**

Ari M. Berman
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26th Floor
New York, NY 10103
Tel. (212) 237-0000

**COUNSEL FOR DEFENDANT THE UNDERWRITER DEFENDANTS:**

Peter B. Morrison
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000
Fax: (213) 687-5600

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007-1312. To be valid, any such objections must contain the Settlement Class Member's (1) name, address, and telephone number, (2) a list of all purchases and sales of New Source Series A Preferred Units prior to October 21, 2015, (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel, (4) the name, address, and telephone number of all counsel who represents the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objections, and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in

Case 1:15-cv-08954-KMW    Document 57    Filed 07/27/17    Page 10 of 11
Case 1:15-cv-08954-KMW    Document 52-1    Filed 06/19/17    Page 11 of 12

EXHIBIT A

each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses or case contribution award to Lead Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

21. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses and a case contribution award to Lead Plaintiffs.

22. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket and to approve the Settlement without further notice to the Class.

23. All papers in support of the Settlement, the Plan of Allocation and any application for attorneys' fees or expenses or a payment to Lead Plaintiffs shall be filed and served thirty (30) calendar days before the Settlement Hearing.

24. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for attorneys' fees or expenses or a case

Case 1:15-cv-08954-KMW   Document 57   Filed 07/27/17   Page 11 of 11
Case 1:15-cv-08954-KMW   Document 52-1   Filed 06/19/17   Page 12 of 12

EXHIBIT A

contribution award to Lead Plaintiffs shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

25. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims. In addition, the Action is stayed pending further determination of whether the Settlement should be approved.

26. In the event the Settlement is not consummated in accordance with the terms and conditions set forth in the Stipulation, then this Order shall be null and void and be vacated. The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.

27. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Class Member and any future requests by one or more of the Parties that the Order and Final Judgment, the Releases, and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: July 27, 2017

_____
HON. KIMBA M WOOD
UNITED STATES DISTRICT JUDGE