UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/17

ENRICO VACCARO, F. GREGORY DENEEN, and WILLIAM SLATER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NEW SOURCE ENERGY PARTNERS L.P., KRISTIAN B. KOS, TERRY L. TOOLE, DIKRAN TOURIAN, RICHARD D. FINLEY, V. BRUCE THOMPSON, JOHN A. RABER, STIFEL, NICOLAUS & COMPANY, INC., ROBERT W. BAIRD & CO. INC., JANNEY MONTGOMERY SCOTT LLC, OPPENHEIMER & CO. INC., and WUNDERLICH SECURITIES, INC.,

    Defendants.

Civil Action No. 1:15-cv-08954 (KMW)

Hon. Kimba M. Wood

KMW

[PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on the 20th day of November, 2017, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") dated July 27, 2017, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 19, 2017 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court, having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1.    All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiffs, Defendants, and all Settlement Class Members, including those members of the Class who did not timely file a valid Request for Exclusion from the Settlement Class by the October 23, 2017 deadline pursuant to the Preliminary Approval Order.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order certifying the Action as a class action for settlement purposes only, on behalf of a Class defined as: All Persons (including, without limitation, their beneficiaries) who purchased Series A Preferred Units of New Source pursuant and/or traceable to New Source's May 5, 2015 offering of the Series A Preferred Units prior to the commencement of this Action on October 21, 2015. Excluded from the Settlement Class are Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such. Also excluded from the Class are those Persons who submitted timely and valid requests for exclusion in accordance with Notice of Pendency and Settlement of Class Action, who are listed on Schedule 1 hereto.

4. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein. The distribution of the Notice and Proof of Claim and publication of the Summary Notice in

accordance with the Preliminary Approval Order entered on July 27, 2017 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice adequately satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were substantially discharged.[1] Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved

---

[1] The Court acknowledges that some, but not all, of the Settling Defendants served notice under § 1715, and that therefore the Settling Defendants did not comply with § 1715(b). (Berman Ltr.) However, the appropriate government officials have in fact all "received notice of the settlement and have not objected, commented, or otherwise responded to such notice except to acknowledge receipt." (*Id.*) Given this, and the legislative history of § 1715, the Court finds that all Class Members are bound by this order notwithstanding § 1715(e). *See* S. Rep. No. 109-14, at 34-35 (2005) (noting that, "where the appropriate officials receive notification of a proposed settlement from at least one defendant, section 1715(e) should not be operative").

3

in all respects, and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. Except as to any individual claim of those Persons (identified in Schedule 1 attached hereto) who timely requested exclusion from the Settlement Class before the October 23, 2017 deadline, the Court hereby dismisses the Action and all Released Claims asserted against Defendants by Plaintiffs and Members of the Class with prejudice. The Settling Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

7. In accordance with the terms of the Stipulation, the Releasing Parties hereby forever release, relinquish, and discharge the Released Parties from any and all Released Claims. The Releasing Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

8. In accordance with the terms of the Stipulation, each of the Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors and assigns, hereby forever releases, relinquishes, and discharges any and all Defendants' claims which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Action against the Lead Plaintiffs, any of the Class Members and any of their counsel, including Co-Lead Counsel.

9. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Defendants (a) for contribution or indemnification arising out of any Released Claim, or (b) where the damage

to the claimant is measured by reference to the claimant's liability to the Lead Plaintiffs or the Settlement Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any Person or entity (other than Persons or entities whose liability to Lead Plaintiffs or the Settlement Class is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged, provided, however, that nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

10. Notwithstanding paragraphs 7 – 9 above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Any plan of distribution submitted by Co-Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    (a) referred to or used against Defendants or against Lead Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

    (b) construed against Defendants or against Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the SAC would not have exceeded the Settlement Fund; or

(d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

14. Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

15. Without further order of the Court, Settling Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Co-Lead Counsel's application for an award of attorneys' fees and expenses and/or case contribution awards to Lead Plaintiffs.

18. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated. The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.

Dated: December 14, 2017

12-14-17

*[signature]*

HON. KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

## SCHEDULE 1

### List of Persons Excluded from the Class in:

*Vaccaro, et al. v. New Source Energy Partners, L.P., et al.*
Civil Action No. 1:15-cv-08954 (KMW)

The following Persons, and only the following Persons, properly excluded themselves from the Class by the October 23, 2017 deadline, pursuant to the Court's Preliminary Approval Order dated July 27, 2017:

| EXCLUDED PERSONS |
|---|
| Dennis C. VanBeck |
| Lois H. VanBeck |