USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENRICO VACCARO, F. GREGORY DENEEN, and WILLIAM SLATER, on behalf of themselves and all others similarly situated,

   Plaintiffs,

v.

NEW SOURCE ENERGY PARTNERS L.P., KRISTIAN B. KOS, TERRY L. TOOLE, DIKRAN TOURIAN, RICHARD D. FINLEY, V. BRUCE THOMPSON, JOHN A. RABER, STIFEL, NICOLAUS & COMPANY, INC., ROBERT W. BAIRD & CO. INC., JANNEY MONTGOMERY SCOTT LLC, OPPENHEIMER & CO. INC., and WUNDERLICH SECURITIES, INC.,

   Defendants.

Civil Action No. 1:15-cv-08954 (KMW)

Hon. Kimba M. Wood

## KMW [PROPOSED] ORDER AWARDING CO-LEAD COUNSEL ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO LEAD PLAINTIFFS

This matter came on for hearing on November 20, 2017 (the "Settlement Fairness Hearing") on Co-Lead Counsel's Motion for Award of Attorneys' Fees and Expenses. The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* and was transmitted over *Globe Newswire* pursuant to the specifications of the Court; and the Court having considered and

determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated June 19, 2017 (the "Stipulation") (Dkt. #52) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's Motion for Award of Attorneys' Fees and Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.*, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of $ 950,000 [KMW], plus interest on such amount at the same rate as earned by the Settlement Fund from the date the Settlement Fund was funded to the date of payment, which sums the Court finds to be fair and reasonable, and $ 28,300.84 [KMW] in reimbursement of litigation expenses, which fees and expenses shall be paid from the Settlement Fund. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which

they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. The Settlement has created a fund of $2,850,000 in cash, plus interest, that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who or which submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

   b. The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by Court-appointed Lead Plaintiffs Enrico Vaccaro, F. Gregory Deneen, and William Slater (collectively, "Plaintiffs"), who oversaw the prosecution and resolution of the Action;

   c. Copies of the Notice were mailed to 3,750 potential Settlement Class Members and nominees. The Notice stated that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed one-third (33 1/3%) of the Settlement Fund (or $950,000) and reimbursement of litigation expenses in an amount not to exceed $35,000;

   d. Co-Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

   e. The Action raised a number of complex issues;

f. Had Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered nothing from Defendants;

g. Co-Lead Counsel devoted over 1,124 hours, with a lodestar value of approximately $684,912, to achieve the Settlement. Collectively, Plaintiffs' counsel devoted over 1,224 hours, with a lodestar value of approximately $763,998, to achieve the Settlement;

h. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

i. There were no objections to the requested attorneys' fees and expenses.

6. Lead Plaintiff Enrico Vaccaro is hereby awarded $ 5,000 [KMW] from the Settlement Fund as reimbursement for his reasonable costs, expenses, and time lost directly related to his representation of the Settlement Class.

7. Lead Plaintiff F. Gregory Deneen is hereby awarded $ 5,000 [KMW] from the Settlement Fund as reimbursement for his reasonable costs, expenses, and time lost directly related to his representation of the Settlement Class.

8. Lead Plaintiff William Slater is hereby awarded $ 5,000 [KMW] from the Settlement Fund as reimbursement for his reasonable costs, expenses, and time lost directly related to his representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expenses application shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of this Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: December 14, 2017

SO ORDERED: 12-14-17

*Kimba M. Wood*

HON. KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE